UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- 
B. BRAXTON/OBED-EDOM,

                      Plaintiff,

-against-

THE CITY OF NEW YORK; COUNTY OF NEW YORK; SUPT. RALEEM MOSES, *MNHTN DET. CTR.*; MARTHA KING, *NYC Board of Corrections*; COMM. PONTE, *NYC Dept. of Corrections*,

                      Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 199 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Plaintiff B. Braxton/Obed-Edom, *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the City of New York (the "City"), the County of New York, Superintendent Raleem Moses, Board of Corrections employee Martha King, and Commissioner Ponte (collectively, "Defendants"), claiming that Defendants violated his civil rights by failing to protect him as a member of the Lesbian Gay Bisexual Transgender community from assault and harassment by other inmates while he was detained at the Manhattan Detention Center. (*See* Compl., ECF No. 2; Am. Compl., ECF No. 29.) Prior to filing this action on January 10, 2017 (the "Instant Action"), Plaintiff had filed two distinct personal injury claims against the City. Plaintiff subsequently signed two general releases, one in July 2018 (the "July General Release") and one in August 2018 (the "August General Release"), wherein Plaintiff released his right to bring certain claims against the City or its agents. (*See* July General Release, ECF No. 123, at 12–13; August General Release, ECF No. 123, at 14–15.) Upon learning about the August General Release, Defendants moved for summary judgment, arguing that Plaintiff's claims in the Instant Action are barred by the terms of

that agreement. (*See* Notice of Mot. for Summ. J. Pursuant to Fed. R. Civ. P. 56, ECF No. 112; Mem. of Law in Supp. of Defs.' Mot. for Summ. J. ("Mem. in Supp."), ECF No. 113.)

Before this Court is Magistrate Judge Aaron's September 17, 2019 Report and Recommendation (the "Report," ECF No. 132), recommending that Defendants' motion be granted and the case be dismissed. (*See* Report at 1, 11.) In his Report, Magistrate Judge Aaron advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 11.) Plaintiff requested multiple extensions of the deadline to file objections, (*see* Letter, ECF No. 135; Letter, ECF No. 136; Letter, ECF No. 142; Letter, ECF No. 143), and ultimately filed timely objections on October 29, 2019 and untimely objections on November 4, 2019. (*See* Pl.'s Written Objs. to the R. & R. ("Pl.'s Objs."), ECF No. 144; Pl.'s Conclusion of Written Objs. to the R. & R. ("Pl.'s Conclusion to Objs."), ECF No. 145.)[1] Plaintiff's objections address solely his claim that the August General Release is void because he lacked the mental capacity to enter into a valid contract, and Plaintiff attaches to his objections evidence not previously submitted to support this assertion. Having reviewed Magistrate Judge Aaron's Report, as well as Plaintiff's objections, this Court ADOPTS the Report as to the findings that (1) the August General Release is the operative contract and (2) the August General Release is clear and unambiguous. Additionally, this Court recommits the matter to Magistrate Judge Aaron as to the question of whether the August General Release is void.

---

[1] Plaintiff's objections were due on October 30, 2019. (*See* Mem. Decision and Order, ECF No. 137.) Notwithstanding the untimeliness of Petitioner's second set of objections or the fact that Plaintiff filed multiple sets of objections without court approval, this Court's holdings remain the same because Plaintiff's untimely objections largely reiterate the content included in his timely objections. (*Compare* Pl.'s Objs. *and* Pl.'s Conclusion to Objs.)

2

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Plaintiff filed two personal injury claims ("Braxton I" and "Braxton II") with the New York City Comptroller's Office, each of which led to a lawsuit in New York Supreme Court. (*See* Defs.' Statement of Undisputed Facts ("SOF"), ECF No. 114, at ¶¶ 1–2; Decl. of Bridgette Nunez-Figueroa, in Supp. of Defs.' Mot. for Summ. J. ("Nunez-Figueroa Decl."), Ex. A (Personal Injury Claim Form Regarding the July 2015 Incident), ECF No. 115-1; Nunez-Figueroa Decl., Ex. B (Personal Injury Claim Form Regarding the August 2015 Incident), ECF No. 115-2.) Plaintiff filed the Instant Action on January 10, 2017. (*See* Compl.) On July 3, 2018, Plaintiff signed the July General Release in which, in consideration of a payment of $5,000, he agreed to "release and discharge the City of New York," its employees and representatives, and others, from his claims, excluding his claims in the Instant Action. (*See* July General Release.) The July General Release was never received by Plaintiff's then-attorney, nor was it executed and sent back to the City. (*See* Reply Decl. of Bridgette Nunez-Figueroa, in Supp. of Defs.' Mot. for Summ. J., Ex. H (Aug. 20, 2019 Letter), ECF No. 131-1.) Approximately one month later, on August 8, 2018, Plaintiff signed the August General Release, which was identical to the prior release, except that it excluded his claims only in Braxton II and not in the Instant Action. (*See* August General Release.)

Upon learning of the August General Release, Defendants filed their motion for summary judgment, claiming that because Plaintiff did not exclude the Instant Action in the release, he is barred from pursuing his claims. (*See* Mem. in Supp.) Plaintiff opposed, arguing that (1) the parties intended to limit the scope of the August General Release to cover only Braxton I, (*see* Pl.'s Opp'n Mot. Against Defs.' Mot. for Summ. J. ("Opp'n"), ECF No. 122, at 12); (2) Plaintiff intended to exclude the Instant Action in the August General Release, as evidenced by the July General Release, (*see* Opp'n at 20–21); (3) the August General Release is void due to mutual mistake, (*see* Opp'n at 7–22); (4) the August General Release was acquired by fraud because

3

Plaintiff lacked the mental capacity to execute it at the time it was signed, (*see* Opp'n at 23–27; July 1, 2019 Decl. of Braxton/Obed Edom in Supp. of Pl.'s Opp'n of Defs.' Summ. J. Mot., ECF No. 123, at 1–9); and (5) the general releases are ambiguous because Plaintiff signed two releases and therefore, the intent of the parties is ambiguous, (*see* July 9, 2019 Decl. of Braxton/Obed Edom in Supp. of Pl.'s Mot. in Opp'n of Defs.' Summ. J. Mot., ECF No. 124, at 3–12).

On September 17, 2019, Magistrate Judge Aaron issued the Report, which addressed each of Plaintiff's arguments. The Report found that: (1) the August General Release is the operative contract; (2) the August General Release is clear and unambiguous; and (3) the August General Release is not void. (Report at 7–11.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original

4

briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

Where there are objections, the court must make a *de novo* determination as to those portions of the report to which objections are made. See 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C, § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

### III. THE AUGUST GENERAL RELEASE, IF VALID, BARS PLAINTIFF'S CLAIMS IN THE INSTANT ACTION

The Report correctly found that the August General Release is the operative contract. (Report at 7.) As the Report describes, there is no evidence, and Plaintiff makes no allegations, that Defendants ever received a copy of the July General Release. (*Id.*) In contrast, Plaintiff's attorney submitted documents relating to the August General Release to Defendants and requested the $5,000 payment due to Plaintiff pursuant to the August General Release. (*See id.*; Nunez-Figueroa Decl., Ex. D (Aug. 20, 2018 Letter), ECF No. 115-4.) Therefore, the Report properly

5

found that both parties agreed to the terms of the August General Release. The Report also appropriately applied Second Circuit case law, which holds that where there are two contracts concerning the same matter, the later contract will supersede the earlier. (Report at 7 (citing *Applied Energetics, Inc. v. NewOak Capital Mkts., LLC*, 645 F.3d 522, 526 (2d Cir. 2011)).) Because Plaintiff does not object to this portion of the Report, this Court need review Magistrate Judge Aaron's analysis only for clear error. Based on relevant Second Circuit case law and the circumstances surrounding the parties' entering into each release, the Report appropriately found that the later contract, *i.e.*, the August General Release, is the operative contract.

Additionally, the Report correctly found that the August General Release is clear and unambiguous. (*Id.* at 7–9.) The Report analyzed the language of the contract and found that it clearly releases the City and its employees from Plaintiff's claims, also noting that Plaintiff's claims in the Instant Action were pending at the time the parties agreed to the August General Release. (*Id.* at 7–8.) Further, the Report correctly explains that despite Plaintiff's proffering extrinsic evidence to demonstrate ambiguity in the language of the August General Release, because the August General Release is unambiguous on its face, the Court must "enforce the release according to its terms." (*Id.* at 8–9 (quoting *Mateo v. Crinha*, No. 14 Civ. 9020 (LTS), 2019 WL 1409727, at *3 (S.D.N.Y. Mar. 28, 2019)).) Plaintiff does not object to this portion of the Report. Therefore, this Court need review Magistrate Judge Aaron's analysis only for clear error. The Report was correct in finding that the August General Release is unambiguous. Additionally, because the Report found that the language of the August General Release is clear on its face, it appropriately did not consider Plaintiff's proffered extrinsic evidence.

For the foregoing reasons, the August General Release, if not void, bars Plaintiff's claims.

## IV. THE MATTER IS RECOMMITTED TO MAGISTRATE JUDGE AARON AS TO THE VALIDITY OF THE AUGUST GENERAL RELEASE

After finding that the August General Release bars Plaintiff's claims in the Instant Action, the Report considered whether Plaintiff demonstrated that the contract is void. (*Id.* at 9–10.) First, the Report correctly found that there was no evidence of mutual mistake between the parties entering the contract because the only mistake alleged by either party is Plaintiff's claim that he intended to exclude the Instant Action in the August General Release. (*Id.*) Plaintiff, however, does not allege that Defendants were also mistaken as to this issue. (*Id.*) Because Plaintiff does not object to this portion of the Report, this Court need review Magistrate Judge Aaron's analysis only for clear error. After reviewing the record, it is clear there is no evidence in the record indicating that *both* parties were mistaken at any point in time. Therefore, Plaintiff's argument that the contract is void due to mutual mistake fails.

The Report also considered Plaintiff's claim that the August General Release is void because he suffers from PTSD, and therefore lacked the mental capacity to enter into the contract. (*Id.* at 10.) The Report found that not only was Plaintiff represented by counsel at the time that he entered into the contract, but that because the medical evidence Plaintiff provided to support his claim of mental incapacity was from only the years 1994, 2010, and 2014, Plaintiff had not provided objective evidence that he is still suffering from those conditions, or that those conditions could have affected his mental capacity while signing the August General Release in 2018. (*Id.*)

In response, Plaintiff filed his objections, which attached a treatment plan dated January 10, 2019 from the Central New York Psychiatric Center (the "Treatment Plan"), outlining his treatment and diagnosis information. (Pl.'s Objs. at 12.) The Treatment Plan lists the date of first review as July 9, 2019 and indicates that Plaintiff suffers from "Adjustment diso[r]der, with anxiety; Antisocial personality disorder (PD); Alcohol use disorder, mild; [and] Cannabis use

7

disorder, mild." (*Id.*) Additionally, the Treatment Plan states that "[t]here is an indication of trauma-related issues in the patient's history or self-report," and "Patient has found that the symptoms – such as difficulty with anxiety – have interfered with daily functioning." (*Id.*)

As the Report noted, Plaintiff did not initially provide objective evidence of his incapacity to enter into the contract. Because Plaintiff is a *pro se* litigant, however, this Court is constrained to consider his pleadings liberally, and will consider his evidence, even if filed for the first time in his objections. *See, e.g.*, *Brodsky v. Carter*, No. 15 Civ. 3469 (GBD) (DF), 2015 WL 13746671, at *6 (S.D.N.Y. Dec. 15, 2015) (citations omitted) (holding that because a court is constrained to review a *pro se* litigant's complaint liberally, it is "appropriate for the court to consider the factual allegations in the plaintiff's opposition materials to supplement the allegations in the complaint"). Although Plaintiff has now provided objective evidence that was originally lacking, it is unclear what affect, if any, Plaintiff's ailments had on his capacity to enter into the August General Release. This issue is therefore recommitted to Magistrate Judge Aaron for further analysis as to whether Plaintiff was mentally incapable of entering into the August General Release, and if determined that he was mentally incapable, the circumstances of Plaintiff's counsel's involvement in Plaintiff's signing the August General Release, which may affect the validity of the contract.

## V. CONCLUSION

Magistrate Judge Aaron's Report, (ECF No. 132), is ADOPTED in part. This matter is recommitted to Magistrate Judge Aaron for further proceedings consistent with this Memorandum Decision and Order.

Dated: New York, New York
      March 19, 2020

SO ORDERED.

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge