UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

B. BRAXTON/OBED-EDOM,

        Plaintiff,

   -against-

THE CITY OF NEW YORK; COUNTY OF NEW
YORK; SUPT. RALEEM MOSES, *MNHTN DET. CTR.*;
MARTHA KING, *NYC Board of Corrections*; COMM.
PONTE, *NYC Dept. of Corrections*,

        Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 199 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff B. Braxton/Obed-Edom ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against the City of New York (the "City"), the County of New York, Superintendent Raleem Moses, NYC Board of Corrections employee Martha King, and Commissioner Ponte (collectively, "Defendants") for violating his civil rights, because they failed to protect him as a member of the Lesbian, Gay, Bisexual, and Transgender community from assault and harassment by other inmates while he was detained at the Manhattan Detention Center. (*See* Am. Compl., ECF No. 29.) In relation to Plaintiff's two distinct personal injury claims against the City in state court, he signed two general releases, one on July 3, 2018 (the "July General Release") and one on August 8, 2018 (the "August General Release"), wherein Plaintiff released his right to bring certain claims against the City or its agents. (*See* July General Release, ECF No. 123, at 12–13; August General Release, ECF No. 123, at 14–15.)

Upon learning about the August General Release, Defendants in this action moved for summary judgment arguing that Plaintiff's claims are barred by the terms of that agreement. (Mot. for Summ. J., ECF No. 112.) On September 17, 2019, Magistrate Judge Stewart Aaron issued a

Report and Recommendation ("Report") recommending that Defendants' motion for summary judgment be granted and the case be dismissed. (Report, ECF No. 132, at 1, 11.). The Court adopted the Report as to the findings that (1) the August General Release is the operative contract and (2) the August General Release is clear and unambiguous. (Memorandum Decision and Order ("Decision"), ECF No. 146, at 2.) The Court recommitted the matter to Magistrate Judge Aaron as to the question of whether the August General Release is void because of Plaintiff's mental capacity. (Decision at 2.)

Before this Court is Magistrate Judge Aaron's December 7, 2021 Report and Recommendation ("Report II") recommending that the Court grant Defendants' renewed summary judgment motion and dismiss the case. (Report II, ECF No. 216, at 1, 15.) In Report II, Magistrate Judge Aaron advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 16.) Plaintiff filed timely objections to Report II. (*See* Letter to Mag. Judge Aaron re: R. & R. ("Pl.'s Objs."), ECF No. 217.) Having reviewed the relevant portions of Report II for clear error, as well as having reviewed de novo the part of Report II which Plaintiff objects, this Court ADOPTS Report II in full.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court previously provided a full summary of the material facts in this case, including the context regarding the August General Release. (*See* Decision at 3-4.) Below are facts related to Plaintiff's 2018 medical treatment leading up to the August General Release.

### A. Medical Treatment

During 2018, Plaintiff had various interactions with medical staff. He met with three different Rehabilitation Counselors from the Central New York Psychiatric Center ("CNYPC") on six different occasions – Daniel Hess twice, Kristin Dimberg once, and Heather Martin thrice – from January 4, 2018 to May 17, 2018. (Report II at 2-4.) These meetings began after Plaintiff

2

sent a note expressing that he was "feeling depressed." (*Id.* at 2.) Daniel Hess, when he met with the Plaintiff on January 18, 2018, provided a diagnosis of "Adjustment Disorders, [w]ith anxiety." (*Id.* at 2.) On the other occasions, counselors either noted no psychotic symptoms or reported that Plaintiff stated he was findings ways to manage the symptoms he complained about. (*Id.* at 3-4.) In fact, during his May 17, 2018 session with Heather Martin Plaintiff stated that he was "not currently having any mental health symptoms." (*Id.* at 3-4.)

Plaintiff also met with a psychiatrist three different times during the period between January 5, 2018 to August 27, 2018. (Report II at 2-4.) Not one psychiatrist found that Plaintiff had symptoms of anxiety disorder or psychosis. (*Id.* at 2-4.) During Plaintiff's first meeting with a psychiatrist that year, he declined to take any medication. (*Id.* at 2.) Plaintiff reconsidered his position of whether to take medication when he saw a psychiatrist for the second time that year. (*Id.* at 2-3.) In his last session with a psychiatrist that year, Plaintiff noted that he was "feel[ing] much better[.]" (Report II at 4.)

### B. Procedural History

On September 17, 2019, Magistrate Judge Aaron issued the Report recommending that the Court grant Defendants' motion for summary judgment arguing that the August General Release barred Plaintiff from bringing this instant action. (Report at 1, 11.) Plaintiff filed objections to the Report, arguing that the August General Release was void due to his mental incapacity. (Pl.'s Written Objs. to the R. & R. ("Pl.'s Writt. Objs."), ECF No. 144; Pl.'s Conclusion of Written Objs. to the R. & R. ("Pl.'s Concl. to Objs."), ECF No. 145.) Attached to Plaintiff's Written Objections was additional medical evidence, including a January 10, 2019 corrections-based treatment plan from the CNYPC, that he failed to previously submit to Magistrate Judge Aaron. (Decision at 7-8; Pl.'s Writt. Objs. at 12.) On March 19, 2020, the Court adopted the Report as to the findings

3

that (1) the August General Release is the operative contract and (2) the August General Release is clear and unambiguous, but (3) recommitted the question of whether the August General Release is void because of Plaintiff's mental capacity in light of Plaintiff's additional evidence. (*Id.* at 2.)[1]

After additional discovery regarding the recommitted question, on July 8, 2021, Defendants filed a second motion for summary judgment arguing that Plaintiff failed to submit objective evidence demonstrating that the August General Release is voidable or void. (Defs.' Second Mot. for Summ. J., ECF No. 203.) Plaintiff opposed the motion primarily based on the CNYPC January 10, 2019 treatment plan and other medical documents dated before and after 2018. (*See* Pl.'s Mem. of Law in Opp'n to Defs.' Second Mot. for Summ. J., ECF No. 213.)

On December 7, 2021, Magistrate Judge Aaron issued Report II recommending that Defendants' motion be granted. (Report II at 8-13.) Plaintiff filed timely objections on December 21, 2021. (*See* ECF No. 217.)[2] Plaintiff's objections address whether he had a reasonable excuse as to why he failed to produce adequate evidence to demonstrate that he was formally diagnosed and was struggling with PTSD at the time he signed the August General Release. (ECF No. 217 at 1-3.)

## II.   LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.

---

[1] The Court considered the additional information because the law requires that pleadings by *pro se* plaintiffs be interpreted liberally. (*See* Report at 8.)

[2] Plaintiff's letter was addressed to Magistrate Judge Aaron, but included both objections to Report II and additional requests to seal certain unidentified OMH records. This opinion addresses Plaintiff's objections. Plaintiff's "reminiscing requests" regarding the sealing of certain documents were denied as moot by Magistrate Judge Aaron. (Memo Endorsement on re: Letter, ECF No. 218.) Therefore, the Court does not address that part of Plaintiff's letter.

*Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## III.  THE AUGUST GENERAL RELEASE IS NEITHER VOIDABLE OR VOID

The Report II correctly found that the August General Release is not a voidable contract. (Report II at 8-12.) Magistrate Judge Aaron also did not err in finding that even if the August General Release was voidable, the contract was not void. (*Id.* at 12-13.)

Magistrate Judge Aaron correctly stated that there is a two-part test to determine whether a contract is voidable for lack of mental capacity – the "cognitive test" and the "motivational test." (Report II at 7 (citing *Wells v. City of New York*, No. 16-CV-00825 (KAM) (ST), 2019 WL 1270816, at *5 (E.D.N.Y. Mar. 18, 2019)).) The Report II correctly found, and Plaintiff failed to properly object, that Plaintiff failed to provide sufficient *objective* evidence that he suffered from any mental impairments "impact[ing] his cognitive ability at the time he signed the General Release" as required under either of the two tests. (Report II at 9 (citing *Haskins v. Doe*, No. 16-CV-08525 (RA), 2019 WL 4194150, at *4 (S.D.N.Y. Sept. 4, 2019)); ECF No. 217 at 1-3.)

Specifically, Report II did not err in finding that Plaintiff's claims regarding his PTSD at the time that he entered into the August General Release were unsubstantiated, because Plaintiff relied on evidence dated well before and after August 8, 2018. (Report II at 10-11.) As Magistrate Judge Aaron correctly described, "Braxton's medical records from 2018 consistently indicate that no mental health symptoms were reported or observed." (*Id.* at 9.)

Plaintiff objects to the findings that he "has not produced any evidence that he has been formally diagnosed with PTSD[.]" (Report II at 10; ECF No. 217 at 2.) However, his objections do not state that Magistrate Judge Aaron erred in finding no evidence, but merely state that there is an excuse as to why he could not meet his evidentiary burden. (*Id.* at 2.) Plaintiff claims that he could not produce evidence because the relevant medical records are in the possession of the Social Security Administration ("SSA"). (*Id.* at 2.) Even construing this as a proper objection, this Court finds that Plaintiff fails to state grounds for why Report II should not be adopted. After reviewing the Record, the Court finds that Plaintiff was unequivocally conscious of the legal processes available to produce such records. He just simply failed to avail himself of the processes afforded to him.

For example, Plaintiff sought a subpoena to obtain certain PTSD records from SSA. (*See* Letter Request for Subpoena of PTSD Records from the Social Security Administration, ECF No. 153.) The Subpoena was denied, however, because Plaintiff only sought SSA records "from eight years before the events in question." (Order re: Request for Subpoena, ECF No. 154.) He never amended his request nor made efforts to show that the records he sought were in fact relevant. In contrast, Plaintiff successfully subpoenaed his medical records from CNYPC and other parties. (*See* Order re: Request Motion to Compel, ECF No. 197.) These diverging actions by Plaintiff demonstrate that Plaintiff understood the legal processes to obtain relevant records. Plaintiff did

not fervently pursue the records he now states substantiates his claims. However, he cannot ask the Court to set aside Magistrate Judge Aaron's recommendations because of his own failure.

There was also no error in Magistrate Judge Aaron fidning that even if the August General Release was voidable, the Release was not void. Report II correctly points out that, "a 'contract executed by a party who suffers from a mental illness or defect . . . is voidable, not void.'" (Report II at 12 (citing *Livingston v. Bev-Pak, Inc.*, 112 F. Supp. 2d 242, 247 n.2 (N.D.N.Y. 2000).) A contract is not void "[i]f the releasing party does not promptly repudiate the contract or release." (Report II at 12 (citing *Cardona v. Cmty. Access, Inc.*, No. 11-CV-04129 (MKB), 2013 WL 304519, at *4 (E.D.N.Y. Jan. 25, 2013).) Report II did not err in finding that the Release is not void because Plaintiff failed to make efforts to void the August General Release or pay back the funds he received in consideration for signing the release.

For the foregoing reasons, the Report II correctly found that the August General Release is not voidable nor void.

## IV. CONCLUSION

Magistrate Judge Aaron's Report II, (ECF No. 216), is ADOPTED in full. The Clerk of Court is directed to close Defendants' motions, (ECF Nos. 203 and 207), and dismiss the case accordingly.

Dated: New York, New York
      February 10, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

7